AARON D. FORD
  Attorney General
SAMUEL L. PEZONE JR. (Bar No. 15978)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
(702) 486-4070 (phone)
(702) 486-3768 (fax)
Email: spezone@ag.nv.gov

*Attorneys for Interested Party, Nevada Department of Corrections*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MOHAMED ABDALLA MAHMOUD,<br><br>                    Plaintiff,<br><br>  v.<br><br>JOSE NAVARRETE, *et al.*,<br><br>                    Defendants. | Case No. 3:24-cv-00604-MMD-CSD<br><br>**ORDER APPROVING INTERESTED PARTY'S MOTION TO EXTEND TIME AND CONTINUE THE INMATE EARLY MEDIATION CONFERENCE (ECF NO. 17)**<br><br>**(FIRST REQUEST)** |

Interested Party, the Nevada Department of Corrections (NDOC), hereby move to extend the time to extend the time to file their Early Mediation Conference brief and to continue the Inmate Early Mediation Conference currently scheduled for Tuesday, March 17, 2026, at 1:00 p.m. This is Interested Party's first request for an extension of these deadlines. There is good cause and excusable neglect for this Court to grant an extension.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 6(b), the "court may, for good cause, extend the time [set to file or to hear a motion, opposition, or reply] . . . with or without motion or notice . . . if a request is made, before the original time or its extension expires," or "on motion made after the time has expired if the party failed to act because of excusable neglect." *See also* LR IA 6-1(a)

To demonstrate good cause, the party seeking modification must show "that, even in the exercise of due diligence, [the party was] unable to meet the" subject deadline. *Cruz v. City of Anaheim*, CV-1003997-MMM-JEMX, 2011 WL 13214312, at \*2 (C.D. Cal. Dec. 19, 2011) (citing *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the opposing party is a factor in determining good cause, though lack of prejudice is "not a prerequisite." *Id.*

In determining whether any parties' neglect is excusable, courts of this circuit weigh four factors: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004); *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993).

## II.    ARGUMENT

The Interested Party's requests an extension of the time set to submit its Early Mediation Statement and a continuance of the Early Mediation Conference pursuant to the Order Setting Inmate Early Mediation Conference, ECF No. 17. The deadline to submit the mediation statement was March 3, 2026, and the mediation itself is currently set for March 17, 2026. *Id.* Based upon the foregoing, there is good cause and excusable neglect to extend the time to submit Interested Party's mediation statement and continue the mediation conference by no less than fourteen (14) days

Due to the recent departure of several of counsel's colleagues and a resulting influx of reassigned matters, as well as several deadlines in existing matters, undersigned counsel has been unable to begin a draft of Interested Party's mediation statement. Counsel was only recently assigned to this case on February 12, 2026, and has had barely any time at all to familiarize himself with Plaintiff's cases or any of Plaintiff's allegations. Given

counsel's upcoming deadlines, he is unlikely to have available time to complete the mediation brief within the next week.

On or about December 8, 2025, previous assigned counsel obtained and placed copies of relevant incident reports in the case file. Previous assigned counsel reviewed said reports on December 31, 2025, but did not request copies of incident video footage mentioned within those reports, despite the court's order requiring NDOC to provide a copy of this footage with its mediation statement. ECF No. 17 at 5 n. 3. Counsel received a copy of this video today but has not had any time to review it. Counsel has yet to receive records pertinent to Plaintiff's claims regarding his religious exercise in the two other cases due to be discussed at the mediation conference.

An extension should not substantially delay this case and should allow counsel adequate time to draft and finalize Interest Party's mediation brief. Plaintiff will not be significantly prejudiced by this extension. Accordingly, the parties respectfully request that this extension be granted for good cause and excusable neglect shown. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260 (9th Cir. 2010) (holding that the "district court abused its discretion in denying party's timely motion" to extend time because the party "demonstrated the 'good cause' required by Rule 6, and because there was no reason to believe that [the party] was acting in bad faith or was misrepresenting his reasons for asking for the extension").

## III.   CONCLUSION

Based on the foregoing, there is good cause and excusable neglect to extend the time to submit the Interested Party's mediation brief and to continue the early mediation conference. Interested Party respectfully requests that this Court extend these dates by no less than fourteen (14) days.

DATED this 5th day of March, 2026.

AARON D. FORD
Attorney General

By: /s/ Samuel L. Pezone Jr.
SAMUEL L. PEZONE JR. (Bar No. 15978)

Deputy Attorney General
*Attorneys for Interested Party NDOC*

**IT IS SO ORDERED.**

DATED: March 6, 2026.

_____
Craig S. Denney, U.S. Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on March 5, 2026, I electronically filed the foregoing, **INTERESTED PARTY'S MOTION TO EXTEND TIME AND TO CONTINUE THE INMATE EARLY MEDIATION CONFERENCE (ECF NO. 17)**, via this Court's electronic filing system. Parties that are registered with this Court's electronic filing system will be served electronically.

*/s/* Samuel L. Pezone Jr.
SAMUEL L. PEZONE JR., An employee of the
Office of the Nevada Attorney General