# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MOHAMED ABDALLA MAHMOUD,

    Plaintiff

v.

JOSE NAVARRETE, et al.,

    Defendants

Case No.: 3:24-cv-00604-MMD-CSD

**Order**

Re: ECF NO. 34

Plaintiff has filed a motion seeking the appointment of counsel. (ECF No. 34.)

"[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel."

The appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015). In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of these considerations is dispositive and instead must be viewed together." *Id*. (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991) (citation omitted).

Plaintiff has not established a likelihood of success on the merits in this action. Moreover, the lack of a legal education or familiarity with the law and limited access to a law library are circumstances common to almost all pro se inmate litigants and generally do not rise to the level of exceptional circumstances.

Therefore, Plaintiff's motion for appointment of counsel (ECF No. 34) is **DENIED**.

**IT IS SO ORDERED**.

Dated: July 7, 2026

_____
Craig S. Denney
United States Magistrate Judge

2