UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MOHAMED ABDALLA MAHMOUD,<br>Plaintiff,<br>v.<br>NAVARRETE,<br>Defendant. | Case No. 3:24-cv-00604-MMD-CSD<br>ORDER |

*Pro se* Plaintiff Mohamed Abdalla Mahmoud, an inmate in the custody of the Nevada Department of Corrections, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney recommending that the Court deny Plaintiff's motions for a temporary restraining order and a preliminary injunction (ECF No. 66 ("PI/TRO R&R")) as well as an R&R recommending dismissal of this action (ECF No. 69 ("Dismissal R&R")). Plaintiff had until September 24 to object to the R&Rs. On September 21, Plaintiff filed a motion for extension of time. (ECF No. 74.) Liberally construing the motion, the Court granted Plaintiff an extension until October 19, 2026 to object to the R&Rs. (ECF No. 75.) On October 15, Plaintiff filed a second motion to extend time to file objections. (ECF No. 79.) The Court granted this second request, extending Plaintiff's objection deadline to November 19 and authorizing delivery of courtesy copies of the two R&Rs to Plaintiff. (ECF No. 80.) To date, no objection has been filed, nor has Plaintiff requested a third extension of time. Because there was no objection, the Court need not conduct de novo review and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections

to the findings and recommendations.") (emphasis in original). For that reason, and as further explained below, the Court will adopt the R&Rs in full.

In the PI/TRO R&R, Judge Denney recommends denying Plaintiff's motions for pretrial injunctive relief because Plaintiff's requested relief does not have a sufficient nexus to his claims in this case. (ECF No. 66 at 2-3 (citing *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015)).) As Judge Denney notes, Plaintiff's motions for injunctive relief raises new allegations against prison employees who are not Defendant Navarrete and asks for these non-parties to be held in contempt of court. (ECF Nos. 61 at 2, 5; 62 at 2, 5.) Plaintiff's other requested relief, including receiving copies of all documents filed in this case since June 2026 without the requirement that Plaintiff signs to confirm receipt,[1] similarly does not relate to his Eighth Amendment and retaliation claims currently proceeding against Defendant Navarrete (ECF Nos. 8, 40, 45). The Court agrees with Judge Denney that the Court lacks authority to grant Plaintiff's requested relief because his requests are ultimately unrelated to his present allegations against Defendant. Therefore, the Court will deny Plaintiff's motions for injunctive relief. (ECF Nos. 61, 62.)

In the Dismissal R&R, Judge Denney evaluates the relevant factors for considering dismissal of an action based on a plaintiff's noncompliance with a court order: "the public's interest in expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to the defendants; the public policy favoring the disposition of cases on their merits; and the availability of less drastic sanctions[.]" (ECF No. 69 at 3 (quoting *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1222 (9th Cir. 2006)).) Judge Denney recounts Plaintiff's refusal to attend a court-ordered global Early Mediation Conference in May and a mandatory case management conference in August. (*Id.* at 1-2.) The Court then issued an order to show cause why Plaintiff should not be sanctioned which Plaintiff failed to respond to, despite warning Plaintiff that possible

[1]Thirteen filings have been returned as undeliverable in this period due to Plaintiff's refusal to sign for the documents. (ECF Nos. 37, 41, 42, 44, 49, 52, 53, 54, 56.)

sanctions included dismissal of the action. (ECF No. 57.) Judge Denney also identifies Plaintiff's repeated refusal to sign for filings in this case. (ECF No. 69 at 2 (citing ECF Nos. 49, 52, 53, 54, 56).)[2] The Court agrees with Judge Denney that given Plaintiff's conduct in this case, the relevant factors favor dismissal. First, "Plaintiff's persistent failure to follow court orders impedes the swift and efficient resolution of this case." (ECF No. 69 at 3.) Plaintiff's conduct similarly frustrates the Court's ability to manage its docket. (*Id.*) Plaintiff's actions further delay the case which may prejudice defendants, as witness memories fade in this nearly two-year-old case. (*Id.* at 5.) While public policy favors resolving cases on the merits, Plaintiff's repeated conduct in this case will make it difficult to move this case forward to such a disposition. (*Id.*) Lastly, the Court attempted less drastic actions by ordering Plaintiff to show cause (ECF No. 57) but Plaintiff declined to file a statement or offer any excuse. (ECF No. 69 at 5.) And as Judge Denney details, alternative sanctions such as monetary sanctions or contempt are not available for an incarcerated *in forma pauperis* litigant like Plaintiff. (*Id.* at 5-6.) Therefore, the Court agrees that dismissal is appropriate here.

It is therefore ordered that Judge Denney's Report and Recommendation recommending denial of Plaintiff's requests for pretrial injunctive relief (ECF No. 66) is accepted and adopted in full.

It is further ordered that Plaintiff's motions for a temporary restraining order (ECF No. 62) and a preliminary injunction (ECF No. 61) are denied.

It is further ordered that Judge Denney's Report and Recommendation recommending dismissal of this action (ECF No. 69) is accepted and adopted in full.

It is further ordered that Plaintiff's motion to expedite review of Plaintiff's injunctive motions (ECF No. 63) and motion to stay the case (ECF No. 68) are denied as moot.

///

///

---

[2]The Court notes that Plaintiff has since refused receipt of all documents from the Court in this case, including Judge Denney's R&Rs. (ECF No. 70, 71, 73, 77, 81, 84.)

It is further ordered that Plaintiff's motion for subpoena (ECF No. 78) and Defendant's motion to quash Plaintiff's motion for subpoena (ECF No. 85) are both denied as moot.

The Clerk of Court is directed to enter judgment in accordance with this order and close this case accordingly.

DATED THIS 20th Day of November 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE